**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re: | BKY No.: 17-30094<br>Chapter 11 Case |
| **Maciej Paint Corporation,**<br>**Industrial Painting Specialists, Inc.,** | **APPLICATION FOR AN ORDER**<br>**AUTHORIZING EMPLOYMENT OF** |
| **Debtor.** | **ATTORNEYS FOR DEBTOR** |

_____

1. Maciej Paint Corporation d/b/a Industrial Painting Specialists, Inc. (hereinafter "Debtor"), the above-named Debtor acting as debtor-in-possession, hereby requests the United States Bankruptcy Court for the District of Minnesota appoint Steven B. Nosek and Yvonne R. Doose, Attorneys at Law, 2855 Anthony Lane South, Suite 201, St. Anthony, MN 55418 as attorneys for the debtor-in-possession during the pendency of these Chapter 11 Bankruptcy proceedings.

2. The Debtor lacks the necessary skills and knowledge to formulate a Plan of Reorganization of its present debts, nor does it wish to proceed *pro se* during the pending bankruptcy proceedings without securing the advice of and representation by competent legal counsel.

3. The Debtor has chosen Steven B. Nosek and Yvonne R. Doose because of their knowledge of the financial affairs and business operations of the Debtor's company and because of their proven competency in the field of bankruptcy.

4. The services rendered by Steven B. Nosek and Yvonne R. Doose include pre-petition planning, analysis of the Debtor's financial situation, planned use of cash collateral, post-petition financing, and the rendering of advice and assistance to determine if

–1–

if Debtor should file a Petition for Relief under Title 11 of the **United States Code**, preparation and filing of a Petition for Relief, Statement of Financial Affairs, and other documents required by this Court, representation of the Debtor at expected adversary proceedings, motions, meetings of creditors and formulation of a Plan of Reorganization of the Debtor's business.

5.   Payments made to the Debtor's attorneys shall be made in accordance with an application for attorney's fees and statements to be filed with this Court pursuant to Rule 2016(d) and upon future Order of this Court.

6.   The Debtor feels that neither Steven B. Nosek nor Yvonne R. Doose holds no interest which will be adverse to the Debtor or the Debtor's estate and are, therefore, "disinterested" within the meaning of and pursuant to Section 327 of the United States Bankruptcy Code.

7.   Steven B. Nosek requests that fee applications be heard at 30 day intervals on the Court's regularly scheduled hearing dates.

8.   Yvonne R. Doose requests that fee applications be heard at 30 day intervals on the Court's regularly scheduled hearing dates.

Dated: January 13, 2017.

RESPECTFULLY SUBMITTED,
MACIEJ PAINT CORPORATION D/B/A INDUSTRIAL PAINTING SPECIALISTS, INC.

By: _____
      Carol Maciej, President

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re: | BKY No.: 17-30094 |
| | Chapter 11 Case |
| **Maciej Paint Corporation d/b/a** | |
| **Industrial Painting Specialists, Inc.,** | ATTORNEY'S AFFIDAVIT IN |
| | SUPPORT OF APPLICATION FOR |
| Debtor. | EMPLOYMENT OF ATTORNEY |

_____

**STATE OF MINNESOTA    )**
                                            **)ss.**
**COUNTY OF HENNEPIN    )**

I, Steven B. Nosek, being first duly sworn upon oath, depose and state as follows:

1.     I am an attorney at law, with a law office at 2855 Anthony Lane South, Suite 201, St. Anthony, MN 55418.

2.     I am familiar with the business operations and financial affairs and financial conditions of the above-named Debtor.

3.     It is the desire of the Debtor to have me represent the Debtor in its proceedings under Title 11 of the United States Code.

4.     Due to my knowledge of the Debtor's business operations and financial affairs, the Debtor believes that I am best suited to represent the interest of the Debtor in these Bankruptcy proceedings.

5.     As a result of the foregoing, I do not hold any interest that is adverse to the Debtor or the Debtor's Estate and I should, therefore, be considered a "disinterested party" within the meaning of and pursuant to Section 327 of the **United States Bankruptcy Code.**

–1–

6. To the best of my knowledge, I do not have any conflict of interest and I have no connection with the Debtor, creditors, or any other party in interest, their respective attorneys and accountants or the United States Trustee, with the exception of my representation of Debtor herein.

7. In conjunction with services to be rendered on behalf of the Debtor, I will be charging the Debtor the sum of $300.00 per hour.

8. All compensation to be paid to me shall be subject to Court approval through the submission of fee applications to be made as counsel for the Debtor, and that such fee applications shall include an itemized list of time expended, identify the person expending the time and services provided pursuant to Rule 2016.

9. I will be billing Debtor only for the legal services I actually perform in connection with this matter. I will maintain time and expense records which will be submitted to the Court for review and approval as permitted pursuant to Rule 2016(d).

10. I request that fee applications be heard at 30 day intervals on the Court's regularly scheduled hearing dates. This will assist the Court, Debtor, U.S. Trustee and other interested parties in determining if I am being compensated inappropriately.

**FURTHER YOUR AFFIANT SAYETH NOT.**

Dated:  January 13, 2017.        /e/ Steven B. Nosek
                                 Steven B. Nosek

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | BKY No.:  17-30094 |
| | Chapter 11 Case |
| **Maciej Paint Corporation d/b/a** | |
| **Industrial Painting Specialists, Inc.,** | ATTORNEY'S AFFIDAVIT IN |
| | SUPPORT OF APPLICATION FOR |
| **Debtor.** | EMPLOYMENT OF ATTORNEYS |

_____

**STATE OF MINNESOTA        )**
                                                  **)ss.**
**COUNTY OF SHERBURNE   )**

I, Yvonne R. Doose, being first duly sworn upon oath, depose and state as follows:

1. I am an attorney at the law office of Steven B Nosek, P.A., with an office at 2855 Anthony Lane South, Suite 201, St. Anthony, MN 55418.

2. I am familiar with the business operations and financial affairs and financial conditions of the above-named Debtor.

3. It is the desire of the Debtor to have me represent the Debtor in its proceedings under Title 11 of the United States Code.

4. Due to my knowledge of the Debtor's business operations and financial affairs, the Debtor believes that I am best suited to represent the interest of the Debtor in these Bankruptcy proceedings.

5. As a result of the foregoing, I do not hold any interest that is adverse to the Debtor or the Debtor's Estate and I should, therefore, be considered a "disinterested party" within the meaning of and pursuant to Section 327 of the **United States Bankruptcy Code.**

–1–

6. To the best of my knowledge, I do not have any conflict of interest and I have no connection with the Debtor, creditors, or any other party in interest, their respective attorneys and accountants or the United States Trustee, with the exception of my representation of Debtor herein.

7. In conjunction with services to be rendered on behalf of the Debtor, I will be charging the Debtor the sum of $150.00 per hour.

8. All compensation to be paid to me shall be subject to Court approval through the submission of fee applications to be made as counsel for the Debtor, and that such fee applications shall include an itemized list of time expended, identify the person expending the time and services provided pursuant to Rule 2016.

9. I will be billing Debtor only for the legal services I actually perform in connection with this matter. I will maintain time and expense records which will be submitted to the Court for review and approval as permitted pursuant to Rule 2016(d).

10. I request that fee applications be heard at 30 day intervals on the Court's regularly scheduled hearing dates. This will assist the Court, Debtor, U.S. Trustee and other interested parties in determining if I am being compensated inappropriately.

**FURTHER YOUR AFFIANT SAYETH NOT.**

Dated: January 13, 2017.                    /e/ Yvonne R. Doose
                                                                     Yvonne R. Doose

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:

**Maciej Paint Corporation d/b/a**
**Industrial Painting Specialist, Inc.,**
**Debtor.**

BKY No.: 17-30094
Chapter 11 Case

**ORDER APPROVING EMPLOYMENT**
**OF ATTORNEYS FOR DEBTOR**

This case is before the court on the application filed on January 13, 2017, by the debtor-in-possession to employ Steven B. Nosek, Attorney at Law, and Yvonne R. Doose, Attorney at Law, as chapter 11 counsel.  It appears that the attorneys selected by the debtor-in-possession do not hold or represent an interest adverse to the estate and that they are disinterested within the meaning of 11 U.S.C. §327(a).

**IT IS ORDERED:**

1.  The employment of Steven B. Nosek, Attorney at Law and Yvonne R. Doose, Attorney at Law, as Chapter 11 counsel, to represent the debtor-in-possession in carrying out its duties under Title 11 of the United States Bankruptcy Code is approved.

2.  Fee applications by Steven B. Nosek, Attorney at Law, may be heard on 30-day intervals from commencement of the case.

3.  Fee applications by Yvonne R. Doose, Attorney at Law, may be heard on 30-day intervals from commencement of the case.

Dated:

_____
Katherine A. Constantine
United States Bankruptcy Judge

–1–